———————O———————

## No. 3527.

(Court of Appeal, Parish of Orleans.)

EDWIN I. KURSHEEDT vs. DAVID G. BALDWIN.

Appeal from Civil District Court, Divisions "E" and "B."

Merrick and Lewis, for Plaintiff and Appellant.

E. H. McCaleb, for Defendant and Appellee.

1.  The judgment of a Court dissolving a writ of provisional seizure is final and conclusive as to the illegality of its issuance.

2.  In case the proof shows that the party had not probable cause for resort to the writ, not only actual, but exemplary damages may be allowed.

3.  Advice of competent counsel will not exonerate the party, unless it appear affirmatively that a full disclosure of the circumstances was made by such party to his counsel.

DUFOUR, J.   This suit is a sequel of No. 2876 of our docket, in which we declared a writ of provisional seizure to have illegally issued, and its purpose is to claim damages for the same.

Liability is fixed by the judgment and the only question is as to the quantum.   Most of the pertinent facts have been stated in our preceding opinions on the various phases of this litigation and do not require present re-iteration.

The district Judge properly allowed $100. for attorney's fees,

25

and $150 for the "annoyance, inconvenience and humiliation in having a keeper in the house for five days, the taking of the inventory and the furnishing of a release bond."

But we do not agree with our learned brother of the district Court in his refusal to allow exemplary damage.

It is absolutely clear that Baldwin, in suing out the writ, was actuated by malice and acted without probable cause. He knew that no rent was due, and, as we said in No. 2676, "the proof is absolute that Baldwin repeatedly said that he would not take out a seizure."

In the present suit, his testimony as to the promise is confirmatory of our foregoing conclusion. The motive for Baldwin's hasty and wanton act is easily traceable to certain altercations between himself and members of the plaintiff's family.

Neither can he be exonerated on the plea that he acted under advice of competent counsel. He claims to have stated the facts "as he understood them" to Mr. McCaleb, but he does not state specifically that he mentioned the tender of rent and the promise not to seize. Neither does counsel testify that such a full disclosure was made to him, and our appreciation of the ability and learning of Mr. McCaleb is too high to permit any suggestion that, if such disclosure had been made, he would have advised such a suit.

We think $100 should be allowed for exemplary damages.

The judgment is amended by increasing the allowance to plaintiff to the sum of $350 instead of $250, as allowed below, and, as amended, said judgment is affirmed at appellee's cost.

November 28th, 1904.

Writ denied by Supreme Court, January 16, 1905.